IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONTAVIS DEDREXIS WIGGINS,<br><br>              Plaintiff<br><br>VS.<br><br>TROY COPELAND, *et al.*,<br><br>              Defendants | NO. 5: 07-CV-289 (HL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE

The above-captioned §1983 civil rights proceeding was ordered filed on July 25, 2007. Tab #5. The defendants filed an Answer on September 25, 2007. Tab #10. Thereafter, the defendants filed a motion seeking summary judgment (Tab #13), and the undersigned entered an order advising plaintiff of the need to respond thereto and directing him to do so. Tab #14. Plaintiff has filed no response to defendants' motion; his last contact with the court was July 25, 2007, when he submitted his complaint for filing. Tab #1.

On February 8, 2008, the undersigned directed plaintiff RONTAVIS DEDREXIS WIGGINS to show cause why his complaint ought not be dismissed for failing to prosecute his case and failing to advise the court of his address as directed in the court's order permitting his lawsuit to proceed. Tab #16. He has not responded to the court's order. The court's show cause order was sent to the last address provided by plaintiff. A total of three pieces of correspondence sent by the Clerk to plaintiff at the last address provided by him have been returned to the court as undeliverable. See Tabs #12, #15, and #17.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit. If he fails to do so, the court may dismiss his case on that basis. Pro se litigants are not exempted from this requirement of law. *See **Collins v. Pitchess***, 641 F.2d 740, 742 (9th Cir.1981). In ***Link v. Wabash R.R.***, 370 U.S. 626, 629-30 (1962), the Supreme Court recognized the inherent power and authority in the court to dismiss cases in which the plaintiff has failed to fulfill his duty to diligently prosecute his action, stating:

> *The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of a failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.*[1]

Plaintiff has taken no steps whatever to prosecute his case since submitting his complaint for filing despite being specifically advised by the court that he had a duty to "<u>diligently</u> prosecute his lawsuit." He has had more than adequate time to pursue his claim(s) against the defendants but has failed to do so. Therefore, the undersigned finds his failure to prosecute to be <u>willfull</u> as is his failure to keep the court advised of his current address. Under such circumstances, it is appropriate to dismiss his case under Rule 41(b). **IT IS SO RECOMMENDED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. Having no other address to which to send this Recommendation, the Clerk is directed to serve plaintiff with a copy of this **RECOMMENDATION** by mailing said copy to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 9th day of MAY, 2008.



                                             CLAUDE W. HICKS, JR.
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] This authority has also been expressly recognized in this circuit for many years. **See Ramsay v. Bailey**, 531 F.2d 706, 707 (5th Cir.1976). **See also Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir.1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).